IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DANIEL HODGE, )
 )
    Plaintiff, )
 )
v. ) Case No. CIV-16-109-D
 )
UNITED STATES OF AMERICA, )
 )
    Defendant. )

**O R D E R**

Before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint [Doc. No. 15], filed pursuant to Fed. R. Civ. P. 12(b)(1) and (6). The United States asserts its sovereign immunity from suit in this action under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-80, and alternatively asserts that the Amended Complaint fails to state a claim upon which relief can be granted. Plaintiff Daniel Hodge has responded in opposition to the Motion, and Defendant has replied. Thus, the Motion is fully briefed.

**Factual and Procedural Background**

Plaintiff brings suit to recover damages for personal injuries allegedly suffered as a result of negligence by a civilian employee of the United States Air Force who managed an airplane hangar at Tinker Air Force Base where Plaintiff was working, and Defendant's alleged failure to maintain safe flooring inside the hangar or to warn of a dangerous condition. At the time of the workplace accident in June 2013, Plaintiff was employed by a contractor, United Mechanical, Inc., which was installing natural gas piping in the building, and Plaintiff was using a boom lift to perform his work. Plaintiff states that a

metal grate covering a trench in the floor collapsed under the weight of the lift and catapulted him from the basket, causing him to suffer serious physical injuries and disabling him from further work as a pipefitter. Plaintiff alleges that Defendant's building manager, Curtis Kisling, denied Plaintiff's request to move two lockers from the path that Plaintiff chose for driving the lift through the building and, instead, instructed Plaintiff to go a different route that caused him to cross over the grate-covered trench multiple times. According to the Amended Complaint, a piece of grating material that had been modified to fit the trench suddenly failed on Plaintiff's sixth pass over the grate, and one wheel of the lift fell through the grate into the trench, causing Plaintiff to be ejected. Based on these alleged facts, Plaintiff asserts claims of negligence and premises liability.

By the Motion, Defendant seeks a dismissal for lack of subject matter jurisdiction based on the doctrine of sovereign immunity, which "precludes suit against the United States without the consent of Congress [and] the terms of its consent define the extent of the court's jurisdiction." *Franklin Sav. Corp. v. United States* (*In re. Franklin Sav. Corp.*), 385 F.3d 1279, 1287 (10th Cir. 2004) (internal quotation omitted); *see Governor of Kan. v. Kempthorne*, 516 F.3d 833, 841 (10th Cir. 2008). The FTCA "is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *United States v. Orleans*, 425 U.S. 807, 813 (1976); *see* 28 U.S.C. § 1346(b)(1). The FTCA mandates that the government's liability for the actionable conduct of a federal employee is determined by "the law of the place where the act or omission occurred." 28 U.S.C. §§ 1346(b)(1), 2674; *see Hoery v. United States*, 324 F.3d 1220, 1222 (10th Cir. 2003);

*Ayala v. United States*, 49 F.3d 607, 611 (10th Cir. 1995). Thus in this case, Defendant's alleged tort liability is governed by the substantive law of Oklahoma.

First, Defendant asserts that it has not waived immunity for acts or omissions of independent contractors. As pertinent here, the FTCA defines "employee" to mean "employees of any federal agency," and "federal agency" includes military departments but excludes "any contractor with the United States." *See* 28 U.S.C. § 2671. Relying on this "independent contractor exception" (*Orleans*, 425 U.S. at 814), Defendant states and provides evidence that the Department of Energy ("DOE") contracted with Honeywell International, Inc. ("Honeywell") in July 2012 to install natural gas piping at Tinker Air Force Base for the purpose of improving energy efficiency; Plaintiff's employer was a subcontractor of Honeywell responsible for the installation of pipe in the hangar where Plaintiff was working. Defendant asserts that DOE's contract with Honeywell delegated responsibility for workplace safety and supervision to Honeywell, and Honeywell prepared a contractually-required accident prevention plan that subcontractors were required to follow and that specifically provided for safe operation of aerial lifts and adequate floor coverings. Defendant contends the United States cannot be held liable for a failure of Honeywell or its subcontractors to comply with these provisions. With respect to the delegation of safety matters to Honeywell, Defendant asserts that this decision is protected by the discretionary function exception of the FTCA. *See* 28 U.S.C. § 2680(a). This exception bars any claim "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government." *Id*.

Second, as an alternative basis for dismissal on jurisdictional grounds, Defendant asserts that the Administrative Workers Compensation Act, Okla. Stat. tit. 85A, § 1-125, provides Plaintiff's exclusive remedy for his on-the-job injuries because Oklahoma law mandates that an employee of a contractor is Defendant's statutory employee under the Act. Defendant relies on a principle of Oklahoma law that "the principal for whom a contractor is performing work is immune from tort liability for injuries suffered by the contractor's employees in the course of that work, if the work performed by the contractor is 'necessary and integral' to the principal's operations." *Izard v. United States*, 946 F.2d 1492, 1494 (10th Cir. 1991) (citing *Murphy v. Chickasha Mobile Homes, Inc.*, 611 P.2d 243, 244-45 (Okla. 1980)). In applying the "necessary and integral" test to a contractor of the federal government, "the proper focus is on the agency or department of the United States which contracted for the work." *Id*. at 1495. Defendant asserts that the installation of natural gas piping was necessary and integral to DOE's operations and thus the United States is protected from tort liability by the statutory employer defense of Oklahoma law.

Finally, as another alternative basis for dismissal for lack of jurisdiction, Defendant asserts that Plaintiff failed to exhaust his administrative remedies under the FTCA, which is a jurisdictional precondition to suit. Although Plaintiff filed a timely administrative claim, Defendant contends it contained a statement of facts that did not provide sufficient notice of the theories of liability now asserted in the Amended Complaint.[1]

---

[1] If all else fails, Defendant seeks dismissal of the Amended Complaint for failure to state a claim on which relief can be granted, allegedly because it contains insufficient factual allegations to show negligent conduct by Mr. Kisling or a basis for premises liability. For reasons discussed *infra*, the Court's jurisdictional ruling precludes a determination of the merits of Plaintiff's claims.

**Standard of Decision**

The Court begins with a determination of its jurisdiction.[2] Because sovereign immunity is a matter of subject matter jurisdiction, the defense may properly be asserted by a motion to dismiss under Rule 12(b)(1). *See Holt v. United States*, 46 F.3d 1000, 1002 (1995); *see also E.F.W. v. St. Stephen's Indian High Sch.*, 264 F.3d 1297, 1302-03 (10th Cir. 2001).

"Motions to dismiss for lack of subject matter jurisdiction 'generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based.'" *City of Albuquerque v. U.S. Dep't of Interior*, 379 F. 3d 901, 906 (10th Cir. 2004) (quoting *Ruiz v. McDonnell*, 299 F. 3d 1173, 1180 (10th Cir. 2002)); *see Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013). If the motion challenges only the sufficiency of a plaintiff's jurisdictional allegations, a district court must confine itself to the complaint and accept the factual allegations as true. *See Holt*, 46 F.3d at 1002; *see also Peterson*, 707 F.3d at 1206 (only "well-pleaded facts" are accepted). Where the motion challenges the facts on which subject matter jurisdiction depends, however, the court "may not presume the truthfulness of the complaint's factual allegations" and "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to

---

[2] "The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (internal quotation omitted). However, federal courts are not required to decide jurisdictional issues in any particular sequence. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584-85 (1999).

resolve disputed jurisdictional facts." *Holt*, 46 F.3d at 1003; *see Paper, Allied Indus., Chem. & Energy Workers Int'l Union v. Continental Carbon Co.*, 428 F. 3d 1285, 1292 93 (10th Cir. 2005); *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1324 (10th Cir. 2002); *E.F.W.*, 264 F.3d at 1303. As the party asserting federal jurisdiction, Plaintiff bears "the burden of alleging the facts essential to show jurisdiction and supporting those facts with competent proof." *United States ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797-98 (10th Cir. 2002); *see Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010); *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

In this case, Defendant challenges the underlying factual basis for Plaintiff's assertion of jurisdiction under the FTCA, and thus, Plaintiff's allegations need not be accepted as true. Because the jurisdictional issues are not intertwined with the merits of Plaintiff's tort claims, Defendant's Motion may properly be decided under Rule 12(b)(1) by considering matters outside the Amended Complaint.[3]

## Discussion

Defendant primarily invokes the independent contractor exception to the FTCA's waiver of sovereign immunity. Plaintiff contends the exception is inapplicable because his tort claims are based on the direct "negligence of Defendant's employee Curtis Kisling and the dangerous condition of the grate-covered trench in the hangar floor" rather than

---

[3] A court must convert a Rule 12(b)(1) motion to a Rule 56 motion for summary judgment "when resolution of the jurisdictional question is intertwined with the merits of the case." *See Holt*, 46 F.3d at 1003. The jurisdictional question is intertwined with the merits of the case if "resolution of the jurisdictional question requires resolution of an aspect of the substantive claim." *See Continental Carbon*, 428 F.3d at 1292; *see also Sizova*, 282 F.3d at 1324-25; *Pringle v. United States*, 208 F.3d 1220, 1223 (10th Cir. 2000).

Defendant's vicarious liability for any act or omission of Honeywell or any contract-related "work on the trench grating or the hangar floor." *See* Pl.'s Resp. Br. [Doc. No. 16] at 10. Regarding premises liability, Plaintiff asserts that "Defendant is not entitled to invoke the 'independent contractor defense' because it interfered with and directed [Plaintiff's] work." *Id.* at 12. He relies on *Marshall v. Hale-Hallsell Co.*, 932 P.2d 1117 (Okla. 1997), for the proposition that a property owner who engages an independent contractor to perform work is not obligated to protect the contractor's employees from hazards that are incidental to or part of the work <u>so long as the owner "does not himself undertake to interfere with or direct that work</u>." *See* Pl.'s Resp. Br. [Doc. No. 16] at 11 (quoting *Marshall*, 932 P.2d at 1119) (emphasis added). Plaintiff argues that the highlighted condition is not met in this case so Defendant had a duty to protect its contractors' employees from work-related harm.

Defendant replies that Plaintiff's cited authority is a state law case regarding tort liability but the United States' immunity under the FTCA is a matter of federal law. *See Williams v. United States*, 50 F.3d 299, 307-08 (4th Cir. 1995); *see also Logue v. United States*, 412 U.S. 521, 528 (1973) (state law cannot abrogate independent contractor exception). Defendant asserts that Plaintiff fails to cite any federal authority for avoiding the FTCA's independent contractor exception.

The difficulty with Defendant's independent contractor argument is that the exception prevents the United States from being held liable for tortious conduct of an independent contractor; it is not implicated where a tort claim is based on the conduct of the government's own employee. Plaintiff asserts, as the basis of his negligence and premises liability claims, that Mr. Kisling directed him to follow a particular route to

7

perform his work and that Mr. Kisling knew or should have known that a floor grating on the route could not safely bear the weight of Plaintiff's lift. *See* First Am. Compl. [Doc. No. 9], ¶¶ 10, 13. Plaintiff claims Mr. Kisling negligently violated a duty to Plaintiff "by failing to exercise ordinary care in fulfilling his job duties," such as by "failing to warn Plaintiff about the defective grating" and "directing Plaintiff to drive over the grating." *Id*. ¶ 10. Similarly, Plaintiff claims Defendant is liable for its premises because, among other things, "Defendant failed to warn Plaintiff of a hidden, dangerous condition." *Id*. ¶ 14. The independent contractor exception to FTCA liability does not apply to the conduct of a federal employee like Mr. Kisling.

Defendant's real argument is that its delegation of workplace safety and supervision to Honeywell shields Defendant from tort liability because Mr. Kisling owed no duty to Plaintiff – either to direct his work or provide a safe path – and Mr. Kisling had no authority over Plaintiff's job performance. *See* Plaintiff's Reply Br. [Doc. No. 17] at 1 ("the United States, including its employees, owed [Plaintiff] no duty"), *id*. at 3 ("Without a duty there can be no liability."). In Defendant's view, any duty to direct or protect Plaintiff falls on Honeywell, the independent contractor, and the delegation of workplace safety and supervision to Honeywell shields Defendant from FTCA liability.[4] After careful consideration of the facts shown by the case record, the Court finds that Plaintiff has failed

---

[4] As stated *supra*, Defendant also contends the decision to delegate all project safety matters to Honeywell is protected by the discretionary function exception. Plaintiff does not challenge the delegation decision but simply argues it is ineffective to avoid liability because Mr. Kisling actually directed Plaintiff's work. *See* Pl.'s Resp. Br. [Doc. No. 16] at 13.

to effectively counter this argument or to show that Mr. Kisling had any responsibility to assist Plaintiff in planning his work or determining a safe path for his lift.

Plaintiff's FTCA claims have a common factual basis, that is, Mr. Kisling owed a duty of care because he "directed Plaintiff on a route to take while using a [boom] lift." *See* First Am. Compl. [Doc. No. 9], ¶ 2. The alleged facts supporting this assertion are as follows:

> Plaintiff needed to access the northeast corner of Hangar B240 for his work on [the date of the accident]. He identified a path for the boom lift that he thought provided the best access to the work area, but there were two lockers that needed to be moved a short distance to provide enough space for the boom lift. Plaintiff contacted the building manager, Curtis Kisling (a Tinker AFB civilian employee), and requested that the lockers be moved. Kisling told Plaintiff he did not want to move the lockers, and told Plaintiff to drive the boom lift through the main hangar area instead. To use the path selected by Kisling, Plaintiff would have to traverse a grate-covered trench multiple times. Plaintiff went back and specifically asked Kisling if driving the manlift over the grating would be a problem. Kisling assured Plaintiff it would not, and told Plaintiff there recently had been a crane set up in the area of the grating without incident.

*Id.* ¶ 4.

The flaw in Plaintiff's employee-negligence theory is that, although he spins a persuasive argument with artful wording, the factual allegations of his pleading do not support his characterization of Mr. Kisling's conduct as "specific direction that [Plaintiff] perform his work in a particular manner." *See* Pl.'s Resp. Br. Br. [Doc. No. 16] at 13. Instead, the First Amended Complaint describes Mr. Kisling's involvement quite clearly: While Plaintiff was determining an acceptable route to transport materials to an area of the hangar where they were needed, Plaintiff asked Mr. Kisling to move two lockers that were in his chosen path and Mr. Kisling declined, telling Plaintiff to go another way. In

assessing an alternate route, Plaintiff recognized a metal grating in the floor might present a safety issue and asked Mr. Kisling about it. Mr. Kisling responded with the information known to him, that is, it had recently borne the weight of a crane. In other words, Plaintiff engaged Mr. Kisling and requested his input into the decision-making process for safely performing the subcontract work. Under the terms of the contract, however, Mr. Kisling had no authority over that process.

DOE entered into a master contract with Honeywell that controlled the project to install natural gas piping in airplane hangars at Tinker Air Force Base and covered the subcontract with Plaintiff's employer.[5] It is undisputed that the contract expressly delineated the parties' duties and obligations, and delegated to Honeywell the responsibility to provide safe working conditions and supervise workers performing the contract work. As fully shown by Defendant's Motion and supporting brief, the contract incorporated federal regulations and contained specific provisions regarding safety requirements, and mandated that Honeywell formulate and implement a written Accident Prevention Plan ("APP") for the project. *See* Def.'s Mot. Dismiss, Ex. 3 [Doc. No. 15-3]. The APP named Honeywell's project manager as a full-time site safety officer to oversee the work and supervise the subcontractor's safety representatives or project managers, who are named in the APP and include a representative of Plaintiff's employer. *Id*. at 10-11. The APP had specific provisions regarding the type of work in which Plaintiff was engaged at the relevant time, "material handling" using an "aerial lift." *Id*. at 33, 43-44. The APP

---

[5] The authenticity of the written materials supporting Defendant's Motion is unchallenged.

also had a provision regarding floor openings and covers. *Id*. at 48. There is no allegation that Mr. Kisling had any role to play in making the assessments required by the APP for Plaintiff's work, namely, determining whether the metal grating over the floor opening had "sufficient strength to support [Plaintiff's] load" and evaluating Plaintiff's "material handling needs . . . in terms of weight, size, distance and path of movement." *Id*. at 33, 48. Honeywell, Plaintiff's employer, or Plaintiff was responsible to know the weight and safety requirements of his loaded lift and to select a path that would meet his material handling needs.

Distilled to its essence, Plaintiff's theory of Defendant's liability is that Mr. Kisling negligently supervised Plaintiff's contract work. The Court finds that Plaintiff has failed to show Mr. Kisling had any authority or responsibility in the performance of his duties as Defendant's employee to supervise Plaintiff or direct Plaintiff's work, and that Defendant cannot be held liable for the failure of Honeywell or its designee to perform that responsibility. *See*, *e.g*., *Logue v. United States*, 412 U.S. 521, 530 (1973) (contract gave federal employee "no authority to control the activities of the [contractor's] employees" so independent contractor exception applied); *Carroll v. United States*, 661 F.3d 87, 98 (1st Cir. 2011) (contracts delegated responsibility for safety measures to contractors so independent contractor exception applied); *Bowman v. United States*, 65 F.3d 856, 859 (10th Cir. 1995) (same). Therefore, the independent contractor exception excludes Plaintiff's action from the FTCA's waiver of Defendant's sovereign immunity from suit.

11

## Conclusion

For these reasons, the Court lacks subject matter jurisdiction of Plaintiff's FTCA claims against the United States.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Plaintiff's Amended Complaint [Doc. No. 15] is GRANTED, as set forth herein. This action is dismissed for lack of jurisdiction. A separate judgment of dismissal will be entered.

IT IS SO ORDERED this 29th day of September, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE